826 F.2d 1072
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert Andrew ADMAN, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 Appeal No. 87-1194
 United States Court of Appeals, Federal Circuit.
 July 14, 1987.
 
 Before BISSELL, Circuit Judge, MILLER, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The final judgment of the United States Claims Court, No. 479-86C (December 18, 1986), dismissing Adman's complaint, is affirmed on the basis of the trial court's order.
 
 OPINION
 
 2
 The issue on appeal is whether the Claims Court erred as a matter of law in dismissing the third cause of action of the complaint, in which Adman alleged that the claim arose 'out of the taking of property of plaintiff without due process of law, contrary to the provisions of the Fifth Amendment to the U.S. Constitution . . ..' Appendix for Appellant at 9, p30. As to this cause of action, the Claims Court stated:
 
 
 3
 He alleges that a 'contract in lieu of royalties was to be awarded plaintiff' but defendant 'directly or indirectly' induced an indispensable subcontractor to refuse to participate in the agreement. It is apparent that a contract was never formed; therefore, plaintiff never had a property right within the meaning of the Fifth Amendment. . . . At most, plaintiff claims the tort of interference in inchoate contract rights and, again, this court has no jurisdiction over tort claims.
 
 
 4
 Appendix for Appellant at 3.
 
 
 5
 We grant the government's request that sanctions be imposed upon Adman for filing a frivolous appeal. The sole argument which Adman makes in support of his appeal is that the property which was taken by the United States was his tort claim against the United States--not a tort claim against some third party. Adman's contention that his tort claim against the United States is itself 'property' subject to a Fifth Amendment taking has no basis in law or fact. Because Adman has presented no rational basis for reversal of the judgment of the Claims Court, the government is awarded double costs and damages of $500.00. See Connell v. Sears, Roebuck & Co., 722 F.2d 1542, 1554-55 (Fed. Cir. 1983).